IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CONTINENTAL CASUALTY COMPANY, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | Civil Action No. 3:14-CV-3149-D |
| SWINK INSURANCE SERVICES, LLC, et al., | § § § | |
| Defendants. | § § § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Continental Casualty Co. ("Continental") moves to effect substituted service of process on defendants Swink Insurance Services, LLC ("Swink Insurance") and Richard Swink ("Swink"). For the reasons that follow, the court grants the motion as set forth in this memorandum opinion and order.

I

Continental filed this lawsuit on September 3, 2014. It has attempted to personally serve Swink—who is also the sole registered agent for service of process for Swink Insurance—four times between September 5 and September 26. Continental has also attempted service by certified mail, return receipt requested, at both Swink's office and residence. Two individuals—James Joseph Boteler, Esquire ("Boteler"), who is Continental's attorney of record, and George W. Weis ("Weis"), a delivery service employee—have filed affidavits detailing their attempts to serve Swink at his office and

residence (Boteler by mail and Weis in person).

According to Weis, on September 5, 2014 he attempted unsuccessfully to serve Swink at his residence.  Thereafter, he spoke with Swink by telephone and made an appointment to meet Swink at his residence on September 12, 2014 at 10:00 a.m.

On September 12, at 9:58 a.m., Weis arrived at the residence.  He periodically knocked on the door and rang the doorbell for five minutes, but no one answered the door. Swink did not contact Weis to reschedule a time to accept service.

On September 23, 2014, at approximately 7:35 p.m., Weis again attempted to serve Swink at his residence.  An unidentified adult female answered the door, confirmed that Swink resided at the address, and stated that he was not at home.  Weis served the unidentified adult female with the summons and complaint for Swink individually, and he left his business card.

Soon after the attempted service on September 23, Swink telephoned Weis.  Swink stated that he was in New York, and asked Weis to mail the papers to him in New York within the next two days, and identified the adult female as his maid.

Weis also attempted to serve Swink personally on September 26, 2014, although his affidavit does not provide details regarding this attempted service.

Boteler avers that, on September 16, 2014, he mailed a copy of the summons and complaint via U.S. certified mail, return receipt requested, to Swink at both his residence and office.  Boteler received the return receipt for the mailing sent to the office address, but the signature is not Swink's.  Boteler did not receive the return receipt for the mailing sent to

Swink's residence.

Service has not otherwise been made on Swink or Swink Insurance.

II

Continental moves the court to allow it to serve Swink and Swink Insurance by delivering the summons and complaint to anyone over the age of 16 at Swink's residence, or by affixing the documents to the front door of Swink's residence if no one is home or answers the door to accept service. Fed. R. Civ. P. 4(e)(1) provides that service can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Texas law provides that when personal service has been unsuccessful,

> [u]pon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted . . . but has not been successful, the court may authorize service
> (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at [the defendant's usual place of business or abode], or
> (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106(b). In this case, "service has been attempted but has not been successful." Continental's multiple attempts to serve Swink at his residence and office—including one unsuccessful attempt after Swink specifically agreed to meet Weis at his residence on September 12, 2014 at 10:00 a.m.—support the reasonable inference that

any further attempts will also be unsuccessful.  The court therefore grants Continental's motion for substituted service of process.

III

"In dispensing with personal service, Texas courts look for 'the substitute that is most likely to reach the defendant [and] is the least that ought to be required if substantial justice is to be done.'"  *Textron Fin. Corp. v. Anchor Marine & Tackle, Inc.*, 2010 WL 428968, at *2 (W.D. Tex. Jan. 28, 2010) (quoting *Forney v. Jorrie*, 511 S.W.2d 379, 384 (Tex. Civ. App. 1974, writ ref'd n.r.e.)).  Texas law specifically provides that leaving a copy of the summons and complaint with a person over the age of 16 at the defendant's usual place of business or usual place of abode may be sufficient substitute service.  Given that Swink has actual knowledge that Continental is attempting to serve him with process, and that he has already failed to honor a scheduled appointment to accept service, the court is concerned that Swink or anyone acting on his behalf (such as his maid) may be reluctant to open the door to Swink's residence to accept service.  The court will therefore also authorize Continental to effect service by leaving a copy of the summons and complaint affixed to the front door of Swink's residence, provided that Continental is first unsuccessful in attempting to effect service on a person over the age of 16 at Swink's residence.  In other words, Continental's process server must first make a reasonable attempt to leave the summons and complaint with a person over age 16 at Swink's residence.  If Continental is unable to effect service in this manner, Continental is authorized to affix the summons and complaint, together with a copy of this memorandum opinion and order, to the door of Swink's residence.  *See Textron Fin.*

- 4 -

*Corp.*, 2010 WL 428968, at *2 (authorizing substitute service by affixing court papers to front gate of defendant's residence and mailing the court papers); *Evergreen Nat'l Indem. Co. v. Herndon*, 2007 WL 2827978, at *1 (N.D. Tex. Sept. 28, 2007) (Boyle, J.) (authorizing service by affixing papers to front gate of defendant's residence).

Because the address for Swink's residence has been confirmed by Swink himself during a telephone conversation with Weis and by the unidentified adult female who answered the door on September 23, 2014, and since Swink is the sole registered agent for service of process on Swink Insurance, the court finds that either method of service permitted by this memorandum opinion and order will be "reasonably effective to give the defendant[s] notice of the suit," as Tex. R. Civ. P. 106(b) requires.

*   *   *

Accordingly, Continental's September 30, 2014 motion for substituted service of process is granted as set forth in this memorandum opinion and order.

**SO ORDERED.**

October 6, 2014.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

- 5 -